**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

**v.**                                           **No. CV 07-0899 WJ/LAM**
                                                              **CR 04-1553 WJ**

**CHARLES ELLWOOD GWATHNEY,**

      **Defendant/Movant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant/Movant's *Motion Pursuant to the Federal Rules of Civil Procedure Rule 5.1 Challenging the Constitutionallity [sic] to a Statute-Notice, Certification, and Intervention Used to Justify Proven Perjury of Officer Smid While Under Oath as to Probable Cause (Doc. 52)*[1] (hereinafter "*Motion*"), filed August 14, 2009. Plaintiff/Respondent has failed to file and serve a timely response in opposition to the motion which constitutes consent to grant the motion pursuant to D.N.M.LR-Civ. 7.1(b). Notwithstanding Plaintiff/Respondent's failure to file a timely response to the motion, the Court **FINDS** that the motion is not well-taken and should be **DENIED** for the reasons set forth below.

Defendant/Movant states in his *Motion* that he "seeks to have his conviction reversed on the grounds [that] N.M. Stat[.] Ann. § 65-5-1 is unconstitutional as it will justify Officer Smid's non-existing probable cause tes[t]ified to under oath." *Motion (Doc. 52)* at 3. This Court has denied

---

[1]Unless otherwise noted, all referenced documents are from Case No. CIV-07–0899.

1

Defendant/Movant's previously filed § 2255 motion (*see Document 30* adopting the Magistrate Judge's **Proposed Findings and Recommended Disposition** *(Doc. 20)*), and the Tenth Circuit has denied his certificate of appealability (*Document 46-2*; *United States v. Gwathney*, No. 08-2141, 318 Fed. Appx. 616, 2008 WL 4788261 (10th Cir. Oct. 31, 2008) (unpublished), *cert. denied*, 129 S. Ct. 1636 (2009)), and has denied his motion for a second or successive § 2255 motion (*Document 51-2*).

Defendant/Movant states in the title of his **Motion** that it is brought "[p]ursuant to the Federal Rules of Civil Procedure Rule 5.1." **Motion** *(Doc. 52)* at 1. Despite Defendant/Movant's characterization of the grounds for his motion, the provisions of 28 U.S.C. § 2255 are the exclusive remedy for a collateral attack on a federal criminal conviction. *United States v. Callejas*, No. 06-2132, 221 Fed. Appx. 772, 773 (unpublished) (10th Cir. April 10, 2007) (citing *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973)). The title given to a motion by the movant is not dispositive in determining whether the motion is a second or successive § 2255 motion. *See, e.g., United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006) (Rule 60(b) or Rule 15 motions may constitute a second or successive § 2255 motion) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529-32 (2005)); *see also Roman-Nose v. N.M. Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (holding that the plaintiff's *pro se* characterization of her claims is not dispositive on the availability of relief in federal court). The Court, therefore, construes Defendant/Movant's **Motion** as a second or successive § 2255 motion.

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *Nelson*, 465 F.3d at 1148). A district court may deny a motion that constitutes a second or successive § 2255 motion if it is in the interest of justice to do

so under 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1252 ("[T]he district court may transfer the [unauthorized second or successive § 2254 or § 2255 motion] to [the Tenth Circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."); *see also* 28 U.S.C. 1631 (stating that when a civil action is filed in a court that does not have jurisdiction over the action, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.").  It would not be "in the interest of justice" to transfer a second or successive motion that does not have meritorious claims.  *In re Cline*, 531 F.3d at 1251 (citation omitted).  Under 28 U.S.C. § 2255(h), a second or successive motion will be allowed to go forward only if the motion relies on

> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Defendant/Movant's ***Motion*** does not rely on newly discovered evidence or a new rule of constitutional law that was previously unavailable, and, thus, is not meritorious and should not be transferred to the Tenth Circuit.  To the extent Defendant/Movant is seeking to amend his original § 2255 motion, a motion to amend a pleading cannot be considered after judgment has been entered.  *Nelson*, 465 F.3d at 1148 ("[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).") (citation and quotation omitted).  Because Defendant/Movant's ***Motion*** does not satisfy the standards for authorization of a successive § 2255 motion, it would not be in the interest of justice to transfer the ***Motion*** to the Tenth Circuit, and it should be denied for lack of jurisdiction as a second or successive motion.

**IT IS THEREFORE ORDERED** that Defendant/Movant's *Motion Pursuant to the Federal Rules of Civil Procedure Rule 5.1 Challenging the Constitutionallity [sic] to a Statute-Notice, Certification, and Intervention Used to Justify Proven Perjury of Officer Smid While Under Oath as to Probable Cause (Doc. 52)* is **DENIED**.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**